IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DELROY CLARKE HARRISON,** | CIVIL NO. 1:CV-05-0141 |
| Petitioner | |
| v. | |
| **DEPARTMENT OF JUSTICE, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,** | |
| Respondents | |

## M E M O R A N D U M

Before the court is Petitioner Harrison's amended petition for a writ of habeas corpus filed *pro se* under 28 U.S.C. § 2241.  (Doc. 21.)  In his petition, Petitioner challenges the validity of the reinstatement of his prior order of deportation. On July 5, 2005, the court issued an order to show cause why this case should not be transferred to an appropriate court of appeals under the Real ID Act of 2005, Pub. L. No. 109-13, § 106(c), 119 Stat. 231, 311 (May 11, 2005).  The Real ID Act ("the Act") provides that a case brought under § 2241 challenging a final order of removal, deportation, or exclusion that is pending in a district court as of the date of enactment of the Act shall be transferred to the court of appeals for the circuit in which a petition for review could have been properly filed.  The parties have had an opportunity to respond to the court's show cause order, and for the reasons set forth below, the court will transfer this case to the United States Court of Appeals for the Fifth Circuit.

## I.        **<u>Background</u>**

Petitioner is a native and citizen of Jamaica. He entered the United States as an immigrant in or around November 1985. Following three drug-related criminal convictions in various state courts, on April 1, 1994, an immigration judge in Oakdale, Louisiana found Petitioner deportable under §§ 241(a)(2)(A)(iii) and 241(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1227(a)(2)(B)(i) respectively. Section 241(a)(2)(A)(iii) relates to aliens convicted of an aggravated felony, and § 241(a)(2)(B)(i) relates to aliens convicted under a state's controlled substances law, among other things. Petitioner made no application for relief from deportation and waived his right to appeal. On July 20, 1994, Petitioner was removed from the United States.

Petitioner reentered the United States in or around February 1996, and on December 30, 1996, he was convicted of illegal reentry in the United States District Court for the Eastern District of Pennsylvania. On March 6, 1997, Petitioner was charged as being subject to deportation for "unlawfully reentering the United States after having previously departed or been deported pursuant to an order of deportation based on a ground specified in section 242(e) of the [INA, 8 U.S.C. § 1252.]" (Gov't's Resp. to Am. Pet. Writ Habeas Corpus, Ex. B at 6.) On May 12, 1997, the Immigration and Naturalization Service ("INS") reinstated Petitioner's April 1994 order of deportation pursuant to § 241(a)(5) of the INA, 8 U.S.C. § 1231(a)(5).[1] Petitioner subsequently filed a motion to reopen his April 1994 order of deportation

---

[1] On March 1, 2003, the INS was transferred from the United States Department of Justice into the United States Department of Homeland Security. The INS was abolished and its functions were divided into three different bureaus: The Bureau of Customs and Border Protection; the Bureau of Immigration and Customs Enforcement; and the Bureau of Citizenship and Immigration Services.

with the immigration judge who originally heard the case in Oakdale, Louisiana. The immigration judge denied the motion on July 31, 2001, concluding that he lacked the authority to grant such a motion under 8 C.F.R. § 3.23(b)(1). (Gov't's Resp. to Am. Pet. Writ Habeas Corpus, Ex. A at 4.)

Petitioner filed a petition for a writ of habeas corpus with this court on February 3, 2005. Around the same time, Petitioner filed an emergency motion for stay of deportation, which the court granted. Petitioner filed an amended petition for a writ of habeas corpus on April 8, 2005. The parties have briefed the issues, and the matter is ripe for disposition. However, on May 11, 2005, Congress passed the Real ID Act, which stripped federal district courts of jurisdiction to hear § 2241 habeas petitions challenging final orders of removal, deportation, or exclusion and mandated that such cases be transferred to an appropriate court of appeals. *See* Pub. L. No. 109-13, § 106(c), 119 Stat. 231, 311. Because the Real ID Act applies to all cases pending on the date of enactment of the statute, *id.*, this court issued an order to show cause why this case should not be transferred to a court of appeals. Petitioner filed a timely response to the court's order, but the Government neglected to respond.[2]

**II.          Discussion**

Section 106(c) of the Real ID Act provides in relevant part:

> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division,

---

[2]The Government's failure to respond is unacceptable. In the future, the court will expect prompt responses to such orders.

> then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242 . . . .

Pub. L. No. 109-13, § 106(c), 119 Stat. 231, 311. At first glance, Petitioner's habeas petition easily falls within the provisions of § 106(c).[3] Although Petitioner's final order of deportation was reinstated, courts of appeals have routinely concluded that their jurisdiction to review "orders of removal" under 8 U.S.C. § 1252 includes review of reinstatement orders. *See, e.g., Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1162 n.3 (10th Cir. 2003). A court of appeals's review under § 1252 of an order of reinstatement, however, is limited by 8 U.S.C. § 1231(a)(5), which provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this Act, and the alien shall be removed under the prior order at any time after the reentry.

---

[3]Claims regarding continued detention that is constitutionally impermissible under *Zadvydas Davis*, 533 U.S. 678 (2001) would not be subject to transfer under the Real ID Act. Although Petitioner makes a passing reference to *Zadvydas* in his amended petition (Am. Pet. Writ Habeas Corp. at 4, 12), he does not posit any substantive arguments regarding his continued detention. Other than the passing reference, Petitioner's claims only relate to his underlying deportation order. Additionally, Petitioner filed another habeas petition before this court in a separate case in which he solely raises *Zadvydas* issues. *See Harrison v. Hogan*, docketed at No. 1:CV-05-1376. Thus, the court concludes that Petitioner has not raised any *Zadvydas* claims in the instant amended petition that would remain before this court after the case has been transferred to an appropriate court of appeals. The court will address Petitioner's *Zadvydas* arguments presented in the case docketed at No. 1:CV-05-1376 in a separate memorandum and order.

In other words, under § 1252, a court of appeals can review whether a reinstatement order was properly entered, but cannot review the underlying removal order. *Avila-Macias v. Ashcroft*, 328 F.3d 108, 115 (3d Cir. 2003); *Gomez-Chavez v. Perryman*, 308 F.3d 796, 801 (7th Cir. 2002).

Before the Real ID Act, the Third Circuit indicated review of underlying deportation orders may be appropriate in a federal district court through a petition for a writ of habeas corpus. *Avila-Macias*, 328 F.3d at 115 (declining to address the issue, but citing to *Smith v. Ashcroft*, 295 F.3d 425, 429 (4th Cir. 2002) in which the Fourth Circuit held that a district court had habeas jurisdiction over a challenge to an underlying order of removal); *see also Villalobos-Arellano v. Ashcroft*, 123 Fed. Appx. 790, 791 (9th Cir. 2005) (pre-Real ID Act case holding that even though a court of appeals lacks jurisdiction to review a prior order of removal under § 1231(a)(5), such claims are reviewable by a district court in a habeas petition). Following enactment of the Real ID Act, because a district court no longer has habeas jurisdiction over challenges to underlying orders of deportation, § 1231(a)(5)'s limitations potentially foreclose any review of an alien's underlying order of deportation.

In his amended habeas petition, Petitioner challenges his underlying order of deportation. In his reply brief, however, Petitioner argues that § 1231(a)(5) has an impermissible retroactive effect as applied to him.[4] A court of appeals would have jurisdiction to determine whether § 1231(a)(5) has an impermissible retroactive effect as applied to Petitioner. *See, e.g., Labojewski v. Gonzales*, 407 F.3d 814, 816 (7th Cir. 2005); *Avila-Macias*, 328 F.3d at 112-14. If § 1231(a)(5) did have such an

---

[4]Petitioner does not appear to seek review of the reinstatement procedures.

effect, then Petitioner would be entitled to some review of his underlying order of deportation. If § 1231(a)(5) does not have an impermissibly retroactive effect as applied to Petitioner, then the question becomes whether Petitioner would be denied all review of his underlying order of deportation.

In *INS v. St. Cyr*, 533 U.S. 289, 300 (2001), the Supreme Court concluded that a statute "that would entirely preclude review of a pure question of law by any court would give rise to serious constitutional questions." The provisions of the Real ID Act appear to avoid such a constitutional defect. Section 106(a)(1)(A)(iii) provides that

> [n]othing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section . . . .

Pub. L. No. 109-13, § 106(a)(1)(A)(iii), 119 Stat. 231, 310, *to be codified at* 8 U.S.C. § 1252(a)(2)(D). The Third Circuit has acknowledged that § 106(a)(1)(A)(iii) extends a court of appeals's jurisdiction to hear certain issues. *See Popal v. Gonzales*, __ F.3d __, 2005 WL 1791998, at *2 (3d Cir. July 29, 2005) (concluding that its jurisdiction to review orders of removal for aggravated felonies was expanded post-Real ID Act). Thus, the court concludes that the Real ID Act does not preclude all review of an underlying order of deportation such that retention of habeas jurisdiction is warranted.[5] Accordingly, the court will transfer this case to an appropriate court of appeals.

---

[5] Ultimately, the issue is for the relevant court of appeals to decide. For purposes of the instant matter, however, the court finds that transfer is appropriate.

The only remaining issue is to which court of appeals the case should be transferred.  Petitions for review are filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."  8 U.S.C. § 1252(b)(2).  Because Petitioner's immigration proceedings were conducted in Oakdale, Louisiana, this case is properly transferred to the United States Court of Appeals for the Fifth Circuit.  Although Petitioner's reinstatement of his prior order of removal was issued in the Third Circuit, Petitioner does not challenge his reinstatement procedures.  Thus, the court will transfer this case to the Fifth Circuit. An appropriate order will issue.[6]

                    s/Sylvia H. Rambo
                    SYLVIA H. RAMBO
                    United States District Judge

Dated:  August 10, 2005.

---

[6]On February 24, 2005, the court denied Petitioner's motion for appointment of counsel, citing Petitioner's ability to present his case and the fact that discovery is generally limited in immigration cases.  In his reply brief, Petitioner asks the court to reconsider this decision.  In light of the court's decision to transfer the case, the court is no longer in a position to appoint counsel for Petitioner.  Petitioner may, if he chooses, present the issue to the Fifth Circuit after the case is transferred.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DELROY CLARKE HARRISON,** | **CIVIL NO. 1:CV-05-0141** |
| Petitioner | |
| v. | |
| **DEPARTMENT OF JUSTICE, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,** | |
| Respondents | |

# O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) The Clerk of Court shall transfer the file to the Clerk of Court of the United States Court of Appeals for the Fifth Circuit.  The Clerk of this Court shall note that the transfer regards review of a reinstatement of a prior order of deportation and that the transfer is made pursuant to the Real ID Act of 2005.

2) The stay of removal in this case shall remain in place upon transfer of the case, but is subject to review by the Fifth Circuit.

3) The Clerk of Court shall close the case file.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated:  August 10, 2005.